People v Couse (2019 NY Slip Op 08895)





People v Couse


2019 NY Slip Op 08895


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

110175

[*1]The People of the State of New York, Respondent,
v
Chauncey S. Couse, Appellant.

Calendar Date: November 8, 2019

Before: Lynch, J.P., Clark, Mulvey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.



Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered November 3, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was charged in a three-count indictment with various drug-related offenses. In full satisfaction of the indictment, and any other known or unknown drug-related charges, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of six years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Consistent with the plea agreement, defendant was ultimately sentenced to the contemplated term of imprisonment. Defendant appeals.
We affirm. Contrary to defendant's contention, the plea colloquy demonstrates that he knowingly, voluntarily and intelligently waived his right to appeal. The record reflects that, during the plea proceeding, County Court advised defendant that the waiver of the right to appeal was a condition of the plea agreement, and defendant indicated that he understood that the plea agreement required him to waive his right to appeal (see People v White, 172 AD3d 1822, 1823 [2019], lv denied 33 NY3d 1110 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]). In addition, County Court distinguished the right to appeal as separate and distinct from the other trial-related rights automatically forfeited by a guilty plea, and defendant acknowledged that he understood the nature of the waiver and that he was relinquishing his right to appeal the conviction and sentence (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Harrison, 176 AD3d 1262, 1263 [2019]). Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal. In light of the valid waiver, defendant's argument regarding the perceived severity of the agreed-upon sentence is precluded (see People v Freeman, 169 AD3d 1115, 1116 [2019], lv denied 33 NY3d 1069 [2019]; People v Chapman, 168 AD3d 1315, 1316 [2019], lv denied 33 NY3d 1067 [2019]).
Lynch, J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.